## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Mitchell Thomas Ellis,

   Petitioner,

v.

State of Minnesota,

   Respondent.

Case No. 18-cv-342 (NEB/TNL)

**REPORT &**
**RECOMMENDATION**

---

Mitchell Thomas Ellis, 218776, 970 Pickett Street North, Bayport, MN 55103 (pro se Petitioner); and

Jean E. Burdorf, Assistant County Attorney, Hennepin County Attorney's Office, 300 South Sixth Street, Suite C-2000, Minneapolis, MN 55487 (for Respondent).

---

## I. INTRODUCTION

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Petitioner Mitchell Thomas Ellis's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition") (ECF No. 1) and Respondent State of Minnesota's Motion to Dismiss (ECF No. 7). Petitioner is proceeding pro se. Respondent is represented by Assistant Hennepin County Attorney Jean E. Burdorf. This action has been referred to the undersigned magistrate judge for a report and recommendation to the Honorable Nancy E. Brasel, United States District Judge for the District of Minnesota, pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons set forth below, this Court recommends that the habeas petition be **DENIED**;

1

Respondent's motion to dismiss be **GRANTED**; and this action be **DISMISSED WITH PREJUDICE**.

## II. BACKGROUND

### A. Criminal Proceedings

In January 2016, "C.S. called 911 to report that her upstairs neighbor, [Petitioner], brandished a large knife at her." *State v. Ellis*, No. A16-1415, 2017 WL 3687601, at *1 (Minn. Ct. App. Aug. 28, 2017), *rev. denied* (Minn. Nov. 14, 2017). C.S. reported that Petitioner "'just pulled a knife out,' was acting 'crazy,' and 'look[ed] like the devil.'" *Id.* (alteration in original). When law enforcement arrived at Petitioner's apartment, "the door was open and . . . [Petitioner was] standing inside." *Id.* "[A] large knife [was] within [Petitioner's] reach." *Id.* Petitioner was arrested and the knife was collected as evidence. *Id.*

Sergeant David Hansen "later interviewed [Petitioner]." *Id.* Petitioner

> confirmed he and C.S. were drinking together and that he later became upset and was "throwing things around" and yelling. But [Petitioner] denied threatening C.S. with a knife. [Petitioner] explained that he had been handling the knife earlier that day to fix a Conair hair clipper because he did not want to use a screwdriver.

*Id.*

Petitioner proceeded to a jury trial. *Id.* C.S., Sergeant Hansen, and S.C. (Petitioner's roommate) were among the witnesses who testified. *See id.* at *4. (*See also* Pet. at 2, 5, 8, 10; Resp't's App. at 14, 16, 46-48, 50, 60, ECF No. 9.) The knife was also

introduced at trial. *Ellis*, 2017 WL 3687601, at \*5 n.4. Petitioner was convicted of second-degree assault and making threats of violence. *Id.* at \*1, 5.

### B. Minnesota Court of Appeals

Petitioner appealed to the Minnesota Court of Appeals, raising six issues in his principal brief that are not relevant to the instant Petition. *See id.* at \*1. Petitioner also filed a pro se supplemental brief, raising additional issues. *Id.* at \*5 n.4. (*See* Resp't's App. at 44-50.[1]) In relevant part, Petitioner challenged the credibility of Sergeant Hansen and S.C. and the admissibility of the knife. (Resp't's App. at 45-49.) The Minnesota Court of Appeals affirmed. *See generally Ellis*, 2017 WL 3687601. The Minnesota Court of Appeals addressed Petitioner's pro se arguments in a footnote as follows: "[Petitioner] raises several additional pro se arguments regarding witness credibility, the admission of the knife into evidence, and the jury instructions. After careful review of the record, we conclude these arguments lack merit." *Id.* at \*5 n.4.

### C. Minnesota Supreme Court

Petitioner sought further review by the Minnesota Supreme Court. (Resp't's App. at 105-14.) The legal issues identified in the petition for further review were the same six issues raised in Petitioner's principal brief on direct appeal. (Resp't's App. at 106-08.) The issues raised by Petitioner in his pro se supplemental brief were not included. The Minnesota Supreme Court denied the petition for further review. (Resp't's App. at 116.)

---

[1] Petitioner appears to have filed separately a copy of his pro se supplemental brief with this Court, inadvertently omitting the final page. (*Compare* ECF No. 6 *with* Resp't's App. at 45-49.) Petitioner subsequently included the final page of his pro se supplemental brief as an attachment to his reply. (*Compare* ECF No. 11-1 at 4 *with* Resp't's App. at 50.)

### D. Habeas Proceedings

Petitioner filed the instant Petition pursuant to 28 U.S.C. § 2254. As best as this Court is able to tell, Petitioner challenges the sufficiency of the evidence sustaining his convictions, asserting that (1) Sergeant Hansen did not testify truthfully; (2) the knife seized by law enforcement should not have been admitted into evidence because it "was random[ly] picked up from [Petitioner's] apartment" and "had no fingerprints"; (3) S.C. discredited his own testimony as to the events in question by later testifying that his attention was focused on a guest, not Petitioner; and (4) S.C. testified to observing Petitioner with a red knife that belonged to S.C, rather than the tan knife that was admitted into evidence. (Pet. at 5-11.)

Respondent has moved to dismiss the Petition, arguing that Petitioner did not properly exhaust his remedies in the state courts and his claims are now procedurally defaulted. (*See generally* Resp't's Mem., ECF No. 8.)

### III. ANALYIS

A state prisoner may seek a writ of habeas corpus in federal court on the ground that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). But, in order for such relief to be granted, the state prisoner first must show that he "has exhausted the remedies available" in the state courts. *Id.* § 2254(b)(1)(A).

To satisfy this exhaustion requirement, the state prisoner "must fairly present his claim in each appropriate state court (including a state supreme court with powers of discretionary review)" in a manner that alerts the court to the claim's federal nature and

gives "the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and quotations omitted); *accord O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("[S]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."). "A petitioner must present *both* the *factual and legal* premises of his claims to the state courts in order to exhaust the claims properly." *Dansby v. Hobbs*, 766 F.3d 809, 823 (8th Cir. 2014) (emphasis in original) (quotation omitted); *accord Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997). "The onus rests on the prisoner to present the substance of his federal claims in each appropriate state court . . . ." *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (quotation omitted).

## A. Fair Presentation

### 1. Federal Nature of Claims

As an initial matter, Petitioner has not fairly presented the federal nature of his claims to the state courts. "In order to fairly present a claim, a petitioner is required to refer to a specific federal constitutional right, a particular constitutional provision, a federal constitutional case, or a state case raising a pertinent federal constitutional issue." *Nash v. Russell*, 807 F.3d 892, 898 (8th Cir. 2015) (quotation omitted).

Again, as best as this Court is able to tell, Petitioner seeks habeas relief based on the sufficiency of the evidence sustaining his convictions. "The Constitution prohibits the criminal conviction of any person except upon proof of guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 309 (1979). The standard of proof beyond a

reasonable doubt "[i]s an essential of Fourteenth Amendment due process." *Id.* at 318; *see id.* at 316, 321. Petitioner challenged the sufficiency of the evidence in his pro se supplemental brief on direct appeal to the Minnesota Court of Appeals. Yet, when challenging the sufficiency of the evidence on direct appeal, Petitioner did not refer to a specific federal constitutional right, particular constitutional provision, federal constitutional case, or state case raising the relevant federal constitutional issue. Petitioner did not refer to any legal authority whatsoever. Rather, Petitioner implored the Minnesota Court of Appeals to reconsider the evidence presented at trial. The Eighth Circuit Court of Appeals "ha[s] repeatedly held that a federal habeas petitioner does not fairly present a federal issue to the state courts unless he refers to a *specific* federal right or federal constitutional provision, or cites pertinent case law discussing the federal issue in question." *White v. Dingle*, 267 F. App'x 489, 492 (8th Cir. 2008) (per curiam) (emphasis in original); *see, e.g.*, *Turnage*, 606 F.3d at 940. For this reason alone, Petitioner's claims were not fairly presented to the state courts.

### 2. Minnesota Supreme Court

Even if Petitioner had alerted the Minnesota Court of Appeals to the federal nature of his sufficiency-of-the-evidence claims, however, Petitioner did not fairly present those claims to the Minnesota Supreme Court in his petition for further review. None of the claims for which Petitioner seeks habeas relief was included in the petition for further review by the Minnesota Supreme Court.

Petitioner asserts that "[i]t is clear that [his] pro se brief was included in [the] appeal to the [Minnesota] Supreme Court," referencing the footnote in which the

6

Minnesota Court of Appeals addressed his pro se supplemental brief.  (Pet'r's Reply at 2,

ECF No. 11.)    Petitioner further asserts that his pro se supplemental brief was

"mentioned" in the documents submitted to the Minnesota Supreme Court in connection

with the petition for further review and his appellate "attorney included the [Minnesota

Court of Appeals's] decision and all briefs in [the] appeal to the [Minnesota] Supreme

Court."  (Pet'r's Reply at 2.)  This is not sufficient.

In *Baldwin*, the United States Supreme Court

> h[e]ld that ordinarily a state prisoner does not 'fairly present'
> a claim to a state court if that court must read beyond a
> petition or a brief (or a similar document) that does not alert it
> to the presence of a federal claim in order to find material,
> such as a lower court opinion in the case, that does so.

541 U.S. at 32.  Here, the petition for further review set forth six specific issues to be

reviewed—the same six issues raised in Petitioner's principal brief on direct appeal.  As

stated above, these six issues were different than the six issues raised by Petitioner in his

pro se supplemental brief.  Not only would the Minnesota Supreme Court have had to

read outside the petition for further review (and the issues specifically identified therein)

and assume review was also being sought on otherwise unidentified issues, the Minnesota

Supreme Court would also have had to guess which of the six issues raised by Petitioner

in his pro se supplemental brief he might be seeking further review.  Even then, nothing

in Petitioner's pro se supplemental brief would have alerted the Minnesota Supreme

Court to presence of any federal claims.  In the same vein, general inclusion of the

Minnesota Court of Appeals's decision as part of the petition for further review would

not have alerted the Minnesota Supreme Court to the presence of any federal claims.

Moreover, the Minnesota Court of Appeals did not rely upon federal law when addressing the issues raised in Petitioner's pro se supplemental brief.

"[A]s other Courts in this District have held, 'incorporation' of a lower court decision or briefs submitted to such a lower court, without identifying the federal issue in the petition for review, is insufficient to fairly present a federal claim for the purposes of exhaustion." *Foster v. Fabian*, No. 07-cv-4317 (JRT/JJG), 2009 WL 921063, at *8 (D. Minn. Mar. 31, 2009) (citing cases); *see, e.g.*, *Crowell v. Fabian*, No. 08-cv-6355 (DWF/JSM), 2009 WL 3806412, at *6-7 (D. Minn. Nov. 12, 2009); *Fraction v. Minnesota*, 678 F. Supp. 2d 908, 919-20 (D. Minn. 2008); *Voss v. Minnesota*, No. 05-cv-697 (ADM/AJB), 2006 WL 1806489, at *2 (D. Minn. June 29, 2006); *see also Lynch v. Miles*, No. 17-cv-1917 (DWF/TNL), 2018 WL 1385898, at *7-9 (D. Minn. Jan. 30, 2018), *adopting report and recommendation*, 2018 WL 1383838 (D. Minn. Mar. 19, 2018), *appeal filed*, No. 18-2190 (8th Cir. June 1, 2018).  Because Petitioner did not fairly present his claims to the Minnesota Supreme Court, he failed to exhaust his state court remedies.

## B.  Procedural Default

Not only were Petitioner's sufficiency-of-the-evidence claims not fairly presented, they are now procedurally defaulted.  A claim is unexhausted if state law allows the petitioner to raise the claim by any available state court procedure.  *See* 28 U.S.C. § 2254(c).  But, if a petitioner has not fairly presented his claims in state court *and* a state procedural rule precludes further litigation of the claims, those claims are procedurally defaulted.  *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Abdullah v.*

8

*Groose*, 75 F.3d 408, 411 (8th Cir. 1996) ("If a prisoner has not presented his habeas claims to the state court, the claims are defaulted if a state procedural rule precludes him from raising the issues now."). In Minnesota, "where direct appeal has once been taken, all matters raised therein, and all claims known but not raised, will not be considered upon a subsequent petition for postconviction relief." *State v. Knaffla*, 243 N.W.2d 737, 741 (Minn. 1976). Thus, Minnesota law provides a procedural rule that denies further litigation of claims that could have been raised on direct appeal. *Murphy v. King*, 652 F.3d 845, 849-50 (8th Cir. 2011). This rule "bars not only claims that were known at the time of direct appeal, but also claims that *should have* been known." *Sontoya v. State*, 829 N.W.2d 602, 604 (Minn. 2013) (citing *Knaffla*, 243 N.W.2d at 741) (emphasis in original). Because Petitioner challenged the sufficiency of the evidence on direct appeal, Minnesota's *Knaffla* rule bars him from pursuing it in a subsequent petition for postconviction relief. Therefore, Petitioner's claims for habeas relief based on the sufficiency of the evidence are procedurally defaulted.

### C. Exceptions Not Applicable

Procedurally defaulted claims are generally barred from federal habeas review. *Coleman*, 501 U.S. at 750. The merits of a procedurally barred claim will be addressed by a federal court only when one of two narrow exceptions applies: (1) where the state "prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law," or (2) where the state prisoner can "demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.*; *see also McCall v. Benson*, 114 F.3d 754, 758 (8th Cir. 1997). If neither of these exceptions

applies, the merits of a procedurally defaulted claim will not be entertained by a federal court. *See, e.g.*, *Murphy*, 652 F.3d at 850 (declining to excuse petitioner's procedurally defaulted claims for failure to establish either of the procedural bar exceptions).

Petitioner has not explicitly asserted that either exception is applicable here. In arguing that the issues raised in his pro se supplemental brief were fairly presented to the Minnesota Supreme Court, Petitioner makes an offhand comment that there would be "no reason [such issues w]ould not be considered" by the Minnesota Supreme Court "[u]nless [his] state appointed attorney grossly failed in her role as an attorney." (Pet'r's Reply at 2; *see also* Sept. 27, 2018 Ltr. at 1, ECF No. 13.) To the extent Petitioner's comment can be read as asserting ineffective assistance of appellate counsel as cause to excuse his procedural default, there is no indication that Petitioner has presented any claim for ineffective assistance of appellate counsel to any Minnesota state court. "Ineffective assistance of counsel . . . cannot serve as cause to excuse a procedural default unless the proffered ineffective assistance argument has been fairly presented to the state courts as an independent challenge to the validity of the conviction or sentence at issue." *Maxwell v. Gau*, No. 12-cv-1770 (ADM/TNL), 2014 WL 1371912, at *11 n.8 (D. Minn. Apr. 8, 2014) (citing *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Bailey v. Mapes*, 358 F.3d 1002, 1004 (8th Cir. 2004)); *see also Crowell*, 2009 WL 3806412, at *9 n.8. "Because [Petitioner] has not established cause for the default, the question of prejudice need not be reached." *Murphy*, 652 F.3d at 850. Lastly, Petitioner has not presented any new evidence affirmatively demonstrating that he is innocent of the crimes for which he was convicted. *See id.* ("To fall within the fundamental-miscarriage-of-justice-exception, a

10

habeas petitioner must present new evidence that affirmatively demonstrates that he is innocent of the crime for which he was convicted." (quotation omitted)).

### D. Summary

As stated above, not only did Petitioner fail to fairly present the federal nature of the claims for which he now seeks habeas relief to any state court, he also failed to fairly present any of his claims to the Minnesota Supreme Court in his petition for further review. Because Minnesota's *Knaffla* rule bars further litigation of his sufficiency-of-the-evidence claims, Petitioner's claims are procedurally defaulted. And, because Petitioner "has not demonstrated cause to excuse the default or a miscarriage of justice," his Petition must be summarily denied. *Id.*; *see also*, *e.g.*, *Turnage*, 606 F.3d at 942.

### IV. CERTIFICATE OF APPEALABILITY

A habeas corpus petitioner filing a petition under 28 U.S.C. § 2254 cannot appeal an adverse ruling on his petition unless he is granted a Certificate of Appealability. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b)(1). A Certificate of Appealability may be granted only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to do so, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, it is highly unlikely that any other court would treat Petitioner's claims for relief differently than they are being treated here. Petitioner has not identified (and this Court cannot discern) anything novel, noteworthy, or worrisome about this case

that warrants appellate review. It is therefore recommended that Petitioner should not be granted a Certificate of Appealability in this matter.

## V. RECOMMENDATION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Petitioner's Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (ECF No. 1) be **DENIED**.

2. Respondent's Motion to Dismiss (ECF No. 7) be **GRANTED**.

3. This action be **DISMISSED WITH PREJUDICE**.

4. Petitioner should **NOT** be granted a Certificate of Appealability.


Date:  October  30  , 2018                          _____*s/ Tony N. Leung*_____
                                                    Tony N. Leung
                                                    United States Magistrate Judge
                                                    District of Minnesota


                                                    *Ellis v. State of Minnesota*
                                                    Case No. 18-cv-342 (NEB/TNL)


## <u>NOTICE</u>

**Filings Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).